IN THE
# UNITED STATES COURT OF APPEALS
FOR THE
# EIGHTH CIRCUIT



| | |
|---|---|
| **DEMARKO L. COLLINS**, *Appellant*, — *vs.* — **UNITED STATES OF AMERICA**, *Appellee*. | № 20-3662 |

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

THE HONORABLE GARY A. FENNER, DISTRICT JUDGE

**APPELLANT'S PETITION for PANEL REHEARING**

WILLIAM P. NACY
Hanrahan & Nacy, P.C.
522 E. Capitol Ave.
Jefferson City, MO  65101
Telephone (573) 636-7900
Telefacsimile (573) 556-6340
E-mail pete@midmolegal.com

*Attorney for Appellant*

# CONTENTS

                                                                                                  Page

AUTHORITIES ................................................................. ii

STATEMENT PURSUANT to FED. R. APP. P. 40(a)(2) ................... 1

STATEMENT of the COURSE of PROCEEDINGS
and DISPOSITION of the CASE ............................................. 1

ARGUMENT .................................................................. 4

CONCLUSION ................................................................ 6

CERTIFICATE of COMPLIANCE ........................................... 7

CERTIFICATE of SERVICE ................................................. 8

# AUTHORITIES

*Cases*                                                                                                   Page

*Gardner v. Florida*,
    430 U.S. 349 (1977) ................................................................... 5

*Lockhart v. Fretwell*,
    506 U.S. 364 (1993) ............................................................... 1, 3-5

*McCarthy v. United States*,
    394 U.S. 459 (1969) ................................................................... 5

*Nix v. Whiteside*,
    475 U.S. 157 (1986) ................................................................. 4, 5

*Rawls v. Mabry*,
    630 F.2d 654 (8th Cir. 1980) ......................................................... 5

*United States v. Bell*, 840 F.3d 963 (8th Cir. 2016) ............................. 2, 3

*United States v. Collins*,
    719 Fed. App'x 542 (8th Cir. 2018) .................................................. 3

*United States v. Cronic*,
    466 U.S. 648 (1984) ................................................................... 5

*United States v. Swopes*,
    886 F.3d 668 (8th Cir. 2018) (*en banc*) ............................................ 2

*United States v. Thompson*,
    713 F.3d 388 (8th Cir. 2013) ......................................................... 5

*Other*

8th Cir. R. 25A ........................................................................... 8

8th Cir. R. 40A ........................................................................... 1

Fed. R. App. P. 25 ....................................................................... 8

Fed. R. App. P. 32 ....................................................................... 7

Authorities, cont.                                                                  Page

Fed. R. App. P. 35 ................................................................... 1, 7

Fed. R. App. P. 40 ...................................................................... 1

U.S.S.G. § 4B1.2 ........................................................................ 2

**COMES NOW** Appellant Demarko Collins, by the undersigned counsel, and pursuant to Fed. R. App. P. 40 and 8th Cir. R. 40A, petitions the Court to grant a rehearing of this case by the panel to which it had been assigned. In support, Mr. Collins states the following:

### STATEMENT PURSUANT to FED. R. APP. P. 40(a)(2)

Based on a reasoned and studied professional judgment, the undersigned believes that the Court's panel erred in not considering Mr. Collins' argument that his case is distinguished from the Supreme Court's decision in *Lockhart v. Fretwell*, 506 U.S. 364 (1993). The panel found that by his § 2255 motion he neither raised this issue nor challenged his guilty plea (Slip Op. 5, n.3). Yet he claimed ineffective-assistance of counsel in his § 2255 motion for counsel's failure to refer to existing case law which controlled the district court's sentencing, which was the very sort of issue presented in *Fretwell* and which necessarily needed to be distinguished here because *Fretwell* would otherwise shut the door to the requested relief.

### STATEMENT of the COURSE of PROCEEDINGS and DISPOSITION of the CASE

The following facts are relevant to this petition:

In September of 2016, Mr. Collins pled guilty to federal charges of being a felon in possession of a firearm, and to possessing a stolen firearm. He had a record of committing second-degree robbery in Missouri, which the U.S. Probation Office reported as a crime of violence. That office calculated his base of-

fense level as 23 under criminal-history Category V, which resulted in a sentencing range of 84-105 months. Without counting the robbery conviction, his base offense level would have been 20, with a sentencing range of 63-78 months. And without objection from his counsel, the court sentenced him to 108 months on each count upon the government's request for an additional three months each beyond the top end of the sentencing range, and ordered him to serve the sentences consecutively.

Approximately five months before the district court sentenced Mr. Collins, a panel of this Court held that robbery under Missouri law was not necessarily a crime of violence because a conviction could be had without causing the amount of physical pain or injury which would otherwise qualify it as a crime of violence under the Sentencing Guidelines.[1] *See United States v. Bell*, 840 F.3d 963, 966-67 (8th Cir. 2016). Accordingly, the Court held that the defendant in that case should not have been subjected to a higher sentencing range. *See id.* But Mr. Collins' counsel had not been aware of *Bell*, and that was why he did not make any objections to the sentencing range.

This Court, *en banc*, overruled *Bell* a year after Mr. Collins was sentenced, and while his sentence was pending on appeal. *See United States v. Swopes*, 886 F.3d 668, 669 (8th Cir. 2018) (*en banc*). The Court *en banc* found that a robbery conviction under Missouri law categorically qualifies as a crime of violence, so

---

[1] U.S.S.G. § 4B1.2.

the panel considering his appeal affirmed his sentence. *See United States v. Collins*, 719 Fed. App'x 542 (8th Cir. 2018). Mr. Collins then timely filed his § 2255 motion.

Among the grounds for Mr. Collins' § 2255 motion was his claim that his counsel was ineffective for failing to be aware of *Bell* so as to know to object to the higher sentencing range. The district court denied the motion after finding that the court would not have imposed a lower sentence anyway. Mr. Collins then moved for a certificate of appealability, which this Court issued as to his ineffective-assistance claim.

On appeal, Mr. Collins argued, among other things not relevant to this petition, that had his counsel known of *Bell* and objected accordingly, he would have been sentenced pursuant to a lower range because *Bell* would have controlled the district court's sentencing. While he acknowledged the Supreme Court's decision in *Fretwell*, he argued that his case differed because his counsel's failure to be aware of controlling precedent rendered his prosecution fundamentally unfair and unreliable in that the failure framed the basis for his decision to willingly embrace a conviction without a trial whereas the *Fretwell* defendant challenged his conviction by taking the case to trial.

The Court's panel found that "this case fits precisely in the *Fretwell* glove." (Slip Op. 5). It also noted that Mr. Collins had not attempted to distinguish his case from *Fretwell* in his § 2255 motion such that the issue was beyond the scope

of his certificate of appealability such that he had not preserved the issue for this appeal. (Slip Op. 5, n.3).

## ARGUMENT

This case does not fit precisely in the *Fretwell* glove, if only because the Supreme Court conditioned its ruling in *Fretwell* upon a finding that the defendant would have otherwise enjoyed a so-called "windfall." *See id.* at 369-70. But the only circumstance the Court described which could qualify as a "windfall" was not identified; instead, the Court refers the reader to *Nix v. Whiteside*, 475 U.S. 157, 175 (1986). *See Fretwell* at 370. In *Nix*, had the defendant's counsel gone along with a plan to give perjured testimony in pursuit of an acquittal, *see Nix* at 186-87, the defendant would have enjoyed "a windfall to which the law does not entitle him." *Fretwell* at 369.

Certainly, it cannot be reasonably argued that an acquittal based on false testimony would or should be allowable. In *Fretwell*, though, there was no plan to give perjured testimony or engage in other chicanery; indeed, the only thing the *Fretwell* defendant complained of was simply that the outcome would have been different had his attorney known of the then-controlling law. *See id.* at 367-68. Since the Court in *Fretwell* did not describe other circumstances which could be said to comprise a "windfall" for a criminal defendant, *Fretwell* is not only distinguished from Mr. Collins' case but is not even controlling by virtue of the distinction.

The *Fretwell* Court also referred to its decision in *United States v. Cronic*, 466 U.S. 648, 658 (1984), which said that when a defendant is denied counsel at a critical stage of trial, or "entirely fails to subject the prosecution's case to meaningful adversarial testing" it would result in a fundamentally unfair or unreliable proceeding. *Cronic* at 659. Sentencing is a critical stage of a criminal proceeding, so a defendant needs effective assistance of counsel then. *See Gardner v. Florida*, 430 U.S. 349, 358 (1977); *United States v. Thompson*, 713 F.3d 388, 394 (8th Cir. 2013). A guilty plea must be made knowingly and voluntarily. *See, e.g.*, *McCarthy v. United States*, 394 U.S. 459, 466 (1969). It must be "an intelligent act done with sufficient awareness of the … likely consequences." *Rawls v. Mabry*, 630 F.2d 654, 660 (8th Cir. 1980).

Although Mr. Collins was aware that a likely consequence of pleading guilty was a prison term, he was not at all aware that that term would be based on the wrong sentencing range which allowed for him to be condemned for eighteen years. Without such sufficient awareness due to his own counsel, it cannot be said that his plea was the product of a fair and reliable proceeding.

Mr. Collins' claim of ineffective assistance made in his § 2255 motion necessarily incorporated a distinction from those claims made in *Fretwell*, *Nix*, and *Cronic*, and he argued accordingly here. There was no possibility of a *Fretwell*-like — or more accurately a *Nix*-like — "windfall." The panel should have considered that because that is what would have made the difference between effective

and ineffective assistance. The panel could then have reached the matter of whether he was on fair notice that the sentencing law was not what it seemed and could have found that he was not.

## CONCLUSION

Based on the foregoing, Mr. Collins prays the Court to enter an order scheduling this matter for rehearing by the panel; and to enter other proper orders.

Respectfully submitted,

*/s/ William P. Nacy*

WILLIAM P. NACY, Mo. 52576
Hanrahan & Nacy, P.C.
522 E. Capitol Ave.
Jefferson City, MO 65101
Telephone (573) 636-7900
Telefacsimile (573) 556-6340
E-mail pete@midmolegal.com

*Attorney for Appellant*

# CERTIFICATE of COMPLIANCE

This petition was prepared using WORDPERFECT® 5.1. The typeface used is 14-point Times New Roman. The word limit for petitions for rehearing is 3,900 words. *See* Fed. R. App. P. 35(b)(2)(A). Because the body of this submission (excluding the parts of the brief exempted by Fed. R. App. P. 32(f)) contains 1,414 words (counted using the WORDPERFECT® automated word-count function), it complies with said word limit.

I hereby certify that I caused the digital version of this brief to be checked for computer viruses and that the virus-scan did not find any viruses.

*/s/ William P. Nacy*
WILLIAM P. NACY

# CERTIFICATE of SERVICE

  Pursuant to Fed. R. App. P. 25(d) and 8th Cir. R. 25A(e), I hereby certify that on March 30, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                */s/ William P. Nacy*
                WILLIAM P. NACY